B1040 (FORM 1040) (12/24)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

FILED
2:17 pm, 3/24/25
Tim J. Ellis
Clerk of Court

| PLAINTIFFS<br>Diamond Oak, Inc. dba Absaroka Door | DEFENDANTS<br>Christopher Michael Bickford |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Thomas P. Keegan, Keegan & Krisjansons, P.C.<br>P.O. Box 2930<br>Cody, WY 82414 (307) 587-2385 | **ATTORNEYS** (If Known)<br>Bret T. Alred, Yellowstone Law Group<br>117 North Bent Street, Suite C<br>Powell, WY 82435 |
| **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☒ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Complaint and objection to discharge of debts pursuant to 11 USCS Sec. 523(a)(6)

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(a) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(b) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(c) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(d) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(e) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(f) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(f) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☒ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(g) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(h) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(i) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(j) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 24,972.46 |

Other Relief Sought

That the damages of $24,972.46 are not dischargeable in bankruptcy.

B1040 (FORM 1040) (12/24)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR<br>Christopher Michael Bickford | BANKRUPTCY CASE NO.<br>24-20508 |||
| DISTRICT IN WHICH CASE IS PENDING<br>Wyoming | DIVISION OFFICE<br>Wyoming || NAME OF JUDGE |
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE || NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) ||||
| DATE<br>March 24, 2025 || PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Thomas P. Keegan ||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF WYOMING

IN THE MATTER OF DEBTOR              )
CHRISTOPHER MICHAEL BICKFORD    )        Case No. 24-20508
Chapter 7 Bankruptcy                       )

# CREDITOR'S COMPLAINT AND OBJECTION

**COMES NOW** the Creditor, Diamond Oak, Inc., d/b/a Absaroka Door, by and through its attorney, Thomas P. Keegan of Keegan & Krisjansons, P.C., and for its Complaint and Objection to Christopher Michael Bickford's request for discharge of the debt he owes to the Creditor, hereby provides as follows:

1. Christopher Michael Bickford was one of the Defendants in Diamond Oak, Inc., d/b/a Absaroka Door v. Chris Bickford and James Balmaceda in Park County Circuit Court case number CV-2023-242-COD. Mr. Bickford was alleged to have intentionally interfered in contracts of his former employer, Diamond Oak.

2. The Complaint alleged that Mr. Bickford, a former employee of the Creditor, intentionally interfered in contracts of the Creditor and that Creditor had valid contracts; Mr. Bickford knew of the contracts; that Mr. Bickford intentionally and improperly interfered in those contracts; and that there were damages as a result of the breach. Attached hereto as Exhibit A is a copy of the Complaint.

3. A two-day jury trial took place on April 17-18, 2024, in which the jury found that Mr. Bickford intentionally and tortiously interfered with three contracts between Diamond Oak and existing customers. The total amount awarded by the jury was $22,472.46. The two Defendants were held jointly and severally liable for the total awarded by the jury.

4.  A bifurcated hearing was held on the issue of punitive damages on November 7, 2024. The Court found the following with regard to the issue of punitive damages:

> 7.  The Court finds that the Defendants were uniquely positioned on the three contracts and that they used the three contracts as a centerpiece for a start-up of their garage door business. The Defendants essentially took Absaroka Door's trade secrets, and the Court finds that punitive damages are warranted. The Plaintiff has presented clear and convincing evidence of willful and wanton disregard of the rights of the Plaintiff.

5.  The Court assessed punitive damages in the amount of $2,500 against the Defendant Bickford, and $7,500 against his co-Defendant James Balmaceda. A certified copy of the Judgment is attached hereto as Exhibit B.

6.  The Creditor objects to the discharge of the monetary judgment for intentional interference with contract as well as the assessment of punitive damages on the grounds of 11 USCS §523(a)(6) "for willful and malicious injury by the debtor to another entity or to the property of another entity."

7.  The Creditor submits that the discharge of the debt owed to it should be barred by the principle of collateral estoppel as the Park County Circuit Court Judgment found willful and wanton conduct on the part of Mr. Bickford.

WHEREFORE, the Creditor challenges whether or not the debts for intentional interference with contract and punitive damages are dischargeable; the Creditor respectfully prays that the Court find that the debts for intentional interference with contract and punitive damages in the total amount of $24,972.46 are not discharged in Mr. Bickford's bankruptcy; and for such other and further relief as the Court deems just and proper in the premises.

**Dated** this 24th day of March, 2024.

_____
THOMAS P. KEEGAN
Keegan & Krisjansons, P.C.

P. O. Box 2930  
Cody, WY 82414  
(307) 587-2385  
Attorney ID No. 6-3633  
Attorney for Creditor Diamond Oak

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of March, 2025, I served a true and correct copy of the foregoing by email and by placing the same in the United States mail, postage prepaid, at Cody, Wyoming, to:

| | |
|---|---|
| Bret T. Allred | Randy L. Royal |
| Yellowstone Law Group | P.O. Box 551 |
| 117 North Bent Street, Suite C | Greybull, WY 82426 |
| Powell, WY 82435 | rlroyal@randylroyalpc.com |
| bret@yellowstonelawgroup.com | Bankruptcy Trustee |
| Debtor's Attorney | |

I hereby certify that on the 24th day of March, 2025, I served a true and correct copy of the foregoing by placing the same in the United States mail, postage prepaid, at Cody, Wyoming, to the following:

See the attached mailing list.

_____
THOMAS P. KEEGAN

```
Label Matrix for local noticing          Mortgage Solutions of Colorado, LLC dba Mort    US Bankruptcy Court
1089-2                                    14841 Dallas Parkway, Suite 350                 2120 Capitol Avenue #6004
Case 24-20508                             Dallas, TX 75254-7685                           Cheyenne, WY 82001-3647
District of Wyoming
Cheyenne
Fri Feb 21 14:26:10 MST 2025

Affirm, Inc.                              Bank Of Bridger                                 Chase Card Services
Resurgent Capital Services                PO Box 447                                      ATTN: Bankruptcy
PO Box 10587                              Bridger, Montana 59014-0447                     PO Box 15298
Greenville, SC 29603-0587                                                                 Wilmington, DE 19850-5298


Diamond Oak, Ink., dba Absaroka Door      Keegan && Krisjansons, PC                       (p)MOHELA
954 Rd 10                                 PO Box 2930                                     CLAIMS DEPARTMENT
Powell, WY 82435-9235                     Cody, WY 82414-2930                             633 SPIRIT DRIVE
                                                                                          CHESTERFIELD MO 63005-1243


Mortgage Solutions Financial              Navient                                         Park County Circuit Court
ATTN: Bankruptcy                          ATTN: Bankruptcy                                1002 Sheridan Ave., Ste 206
7450 Campus Dr., Ste 200                  PO Box 9640                                     Cody, WY 82414-3549
Colorado Springs, CO 80920-3196           Wilkes Barre, PA 18773-9640


Synchrony Bank/Lowes                      US Trustee                                      Valley Credit Union
ATTN: Bankruptcy                          308 West 21st Street, 2nd Floor                 PO Box 20417
PO Box 965060                             Cheyenne, WY 82001-3669                         Billings, MT 59104-0417
Orlando, FL 32896-5060


Bret T Allred                             CHRISTOPHER MICHAEL BICKFORD                    Randy L. Royal
Yellowstone Law Group LLC                 153 N Day St                                    P.O. Box 551
117 North Bent Street                     Powell, WY 82435-2726                           Greybull, WY 82426-0551
Ste C
Powell, WY 82435-2711
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).


Mohela
ATTN: Bankruptcy
633 Spirit Dr
Chesterfield, MO 63005


The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


(u)Bank of Powell                         End of Label Matrix
                                          Mailable recipients    17
                                          Bypassed recipients     1
                                          Total                  18

| | | | |
|---|---|---|---|
| STATE OF WYOMING | ) ss. | FILED | IN THE CIRCUIT COURT |
| COUNTY OF PARK | ) | JUN 06 2023 | FIFTH JUDICIAL DISTRICT |

Park County Circuit Court
Park County, Wyoming
BY: Shawna Hammarlund, Clerk

DIAMOND OAK, INC., d/b/a
ABSAROKA DOOR,

    Plaintiff,

vs.

CHRIS BICKFORD and
JAMES BALMACEDA,

    Defendants.

Civil Action No. CV-2023-242 COD

# COMPLAINT

COMES NOW the Plaintiff, Diamond Oak, Inc., doing business as Absaroka Door, by and through its attorney, Thomas P. Keegan of Keegan & Krisjansons, P.C., and for its Complaint against the Defendants, hereby states andalleges as follows:

### I. Facts Common to All Causes of Action

1. The Plaintiff Diamond Oak, Inc., is a Wyoming for profit business with its principal place of business in the City of Powell, County of Park, State of Wyoming.

2. The Defendants Chris Bickford and James Balmaceda are residents of the County of Park, State of Wyoming, and have been residents of said county and state at all relevant times related to this Complaint.

3. This Complaint involves causes of action for intentional interference with contract, intentional interference with prospective advantage, conversion and/or replevin, and injunction. The conduct complained of occurred in the county of Park, State of Wyoming.

Exhibit A

4. Because the Defendants reside in Park County, venue is appropriate here pursuant to W.S. §1-5-108, and this Court has jurisdiction over the parties to this action.

5. The amount in controversy is less than $50,000.00, and accordingly this Court has jurisdiction over the subject matter of this action.

6. The Defendants Chris Bickford and James Balmaceda are former employees of the Plaintiff. Their employment ended in January of 2023.

7. After the Defendants' employment ended, the Defendants contacted existing customers of Absaroka Door in an effort get the business for themselves. The Defendants revealed to existing customers the cost of the doors, but did not advise the customers as to the overhead that Plaintiff carries. Several customers broke existing contracts after discussions with one or more of the Defendants. Several other customers refused the Defendants' advances, despite the Defendants' attempts to get the business for themselves.

8. The Defendant Bickford had his own computer at the Plaintiff's business while he was employed there, and, upon information and belief, the information contained therein included customer contact information as well as Plaintiff's pricing information. The Defendant Bickford took this information with him when he left the employment of Plaintiff.

## II. Intentional Interference with Contract

9. The Plaintiff realleges each and every allegation previously set forth in this Complaint as if set forth herein in full.

10. The Plaintiff had valid contracts with several customers at the time the Defendant's left the employment of the Plaintiff.

11. The Defendants knew of the contracts.

12. The Defendants intentionally and improperly interfered in the contracts, resulting in breach of contracts.

13. As a result of the Defendants' intentional and improper interference, the Plaintiff has suffered damages, including the pecuniary loss of the benefits of the contracts; consequential losses for the interference; and emotional distress or actual harm to reputation.

### III.    Intentional Interference with Prospective Advantage

14. The Plaintiff realleges each and every allegation previously set forth in this Complaint as if set forth herein in full.

15. The Plaintiff had a business expectancy in various contracts with customers.

16. The Defendants knew of the business expectancy.

17. The Defendants intentionally and improperly interfered in the business expectancies resulting in the termination of the expectancies by the customers.

18. As a result of the Defendants' intentional and improper interference, the Plaintiff suffered damage, including the pecuniary loss of the benefits of the contracts; consequential losses for the interference; and emotional distress or actual harm to reputation.

### IV.    Conversion and/or Replevin

19. The Plaintiff realleges each and every allegation previously set forth in this Complaint as if set forth herein in full.

20. The Plaintiff had legal title to the converted property, namely the website and domain name for Absaroka Door, www.absarokadoor.com.

21. The Plaintiff either had possession of the website or the right to possess it at the time of the conversion.

22. The Defendant Chris Bickford exercised dominion over the property in a manner which denied Plaintiff his rights to use and enjoy the property.

23. The Plaintiff made demand for the property's return which the Defendant refused.

24. While the Defendant Chris Bickford is one who withheld the website, upon information and belief the Defendant James Balmaceda utilized the information and profited from its use.

25. Upon information and belief, the Defendant Chris Bickford has "linked" inquiries from the www.absarokadoor.com domain to his own business, First Choice, and is still actively stealing the clients of Absaroka Door.

26. The Plaintiff has suffered damage by the loss of the property, including lost sales and business expectancies. The Defendant should return the detained property. The Plaintiff is entitled to restitution and special damages measured by the Defendants' gains.

### V. Injunction

27. The Plaintiff realleges each and every allegation previously set forth in this Complaint as if set forth herein in full.

28. The Defendants have targeted existing customers of Absaroka Door and have utilized their knowledge of existing contracts to undermine the existing contracts. The Defendant Chris Bickford has utilized enquiries to the Absaroka Door webpage to gather business for himself.

29. The Plaintiff requests a temporary and permanent injunction pursuant to WRCP Rule 65 and W.S. §1-28-101, et seq. against the Defendants precluding them from further interference with existing contracts and from utilizing the Absaroka Door website.

WHEREFORE, the Plaintiffs prays for the issuance of the following order:

a. that the Court find that the Defendants committed intentional interference with contract and award the Plaintiff damages, including the pecuniary loss of the benefits of the contracts; consequential losses for the interference; and emotional distress or actual harm to reputation;

b. that the Court find that the Defendants intentionally interfered with the Plaintiff's prospective advantage, and award the Plaintiff damages, including the pecuniary loss of the benefits of the contracts; consequential losses for the interference; and emotional distress or actual harm to reputation;

c. that the Court find in favor of the Plaintiff on conversion or replevin of the website of Absaroka Door use, and order the return of the property and award the Plaintiff restitution and special damages measured by the Defendants' gains;

d. that the Court enter an order forever enjoining the Defendants from in any way further interfering in the contracts of Absaroka Door or using the Plaintiff's customer lists, and that the Plaintiff be awarded its attorney's fees and costs;

e. and for such other and further relief as the Court deems just and proper in the premises.

DATED this 5 day of June, 2023.

*Ken Anderson*
KEN ANDERSON

STATE OF WYOMING )
                 ) ss.
COUNTY OF PARK   )

I, Ken Anderson, being first duly sworn upon oath, do depose and say: That I am the Petitioner in the above case and that I have read the above and foregoing instrument, know and understand the contents thereof and believe them to be true.

_____
KEN ANDERSON

    The above and foregoing instrument was acknowledged before me this **5** day of June, 2023, by Ken Anderson.

    WITNESS my hand and official seal.

```
AMANDA SORENSEN
Notary Public - State of Wyoming
Commission ID 157580
My Commission Expires APRIL 5 2028
```

_____
Notary Public
My commission expires: **4-5-28**

_____
THOMAS P. KEEGAN
Keegan, Krisjansons & Miles, P.C.
P. O. Box 2930
Cody, WY 82414
(307) 587-2385
(307) 587-3784 (fax)
Attorney ID No. 6-3633
Attorney for the Plaintiff

| | | |
|---|---|---|
| STATE OF WYOMING | ) ss. **FILED** | IN THE CIRCUIT COURT |
| COUNTY OF PARK | ) | FIFTH JUDICIAL DISTRICT |

DIAMOND OAK, INC., d/b/a ABSAROKA DOOR,

    Plaintiff,

vs.

CHRIS BICKFORD and JAMES BALMACEDA,

    Defendants.

NOV 2 5 2024

Circuit Court of Fifth Judicial District
Park County, Wyoming
By _____ Deputy/Clerk

CV-2023-242 COD

---

## JUDGMENT

---

**THIS MATTER** came before the Court upon a jury trial on April 17-18, 2024, and for a hearing on punitive damages on November 7, 2024. The Plaintiff was present and was represented by Thomas P. Keegan. The Defendant Chris Bickford was present and was represented by Rives White. The Defendant James Balmaceda was present and was represented by Letitia Abromats. The Court, having been present for the jury trial and having presided over the punitive damages hearing, hereby finds and orders as follows:

1. The jury reached a special verdict on April 18, 2024 and found that the Defendants tortiously interfered with three contracts between Plaintiff Diamond Oak, Inc. (called "Absaroka Door") and existing customers. The jury awarded lost profits in the amount of $13,637.60 for the Bleu contract; $7,280.07 for the Stroh contract; and $1,554.79 for the Holding Sunlight Ranch contract. The total amount awarded was $22,472.46.

2. At the hearing on punitive damages, the Court related that the jury's advisory verdict on the unjust enrichment claim by the Defendant Bickford against Absaroka Door was

Exhibit B

denied. The Court concurred with the jury's findings on the unjust enrichment claim and did not find sufficient evidence of unjust enrichment.

3. The Court further found that the Plaintiff did not plead punitive damages, but that it did request attorney's fees, and Plaintiff sought a punitive damages instruction. The allegations were for intentional torts for interference with contract, and while punitive damages are not an element of intentional interference with contract, punitive damages may be allowed. The Court noted that during the jury trial the Court and the attorneys had a discussion on how to handle the punitive damages claim, and whether or not the Plaintiff was willing to limit its claims to attorney's fees given the jurisdictional limitations of a Circuit Court case. The Plaintiff agreed to limit its claims to attorney's fees, and the Court believes that all parties agreed to have a separate hearing in front of the Court to address the issue of attorney's fees. The Court then took out the instruction on punitive damages and amended the Special Verdict form. Insofar as the Defendants raised objections to proceeding on November 7, 2024, the Court finds that the parties impliedly waived the jury trial on punitive damages.

4. The Court finds that the Defendants had notice and an opportunity to be heard, and all parties were permitted time for discovery prior to the punitive damages hearing, which was continued on two occasions at the request of Defendants.

5. The Court's research indicates that the case of *Smith v. Printup*, 866 P.2d 985 (KS 1993) has a similar fact pattern and statutory scheme. Punitive damages are not compensatory in nature but focus on the conduct or misconduct and are a special form of damages more akin to a criminal case. Where the issue is essentially one justiciable at common law a jury trial may be demanded as a matter of right. However, no separate

right of action existed at common law for punitive damages but were "merely incident to those causes of action in tort requesting compensatory damages." Id. at 994. Punitive damages are equitable in nature. Punitive damages are not awarded as of right and may only be considered once compensatory damages are awarded. The Special Verdict by the jury established the amount of compensatory damages. The Court must examine the conduct at issue and first determine whether or not the conduct gives rise to liability for punitive damages and then what is the proper measure of damages. The Court finds that the standard of proof for these punitive damages is clear and convincing evidence.

6. Each of the parties testified at the hearing on November 7, 2024, and evidence was presented as to the wealth of the Defendants. The Court finds that neither Defendant has substantial assets.

7. The Court finds that the Defendants were uniquely positioned on the three contracts and that they used the three contracts as a centerpiece for a start-up of their garage door business. The Defendants essentially took Absaroka Door's trade secrets, and the Court finds that punitive damages are warranted. The Plaintiff has presented clear and convincing evidence of willful and wanton disregard of the rights of the Plaintiff.

8. In determining the amount of punitive damages to apportion, the Plaintiff has presented evidence of substantial attorney's fees in the approximate amount of $20,000. The Court finds that the fees and costs were reasonable and earned by Plaintiff's attorney. The Court finds that the Defendant Balmaceda took the lead in interfering in these contracts and accordingly the Court will assess $7,500 in punitive damages against the Defendant Balmaceda. The Court finds that the Defendant Bickford was the more

passive participant and that he followed the Defendant Balmaceda's lead. The Court will assess $2,500 in punitive damages against the Defendant Bickford.

9. While the Court finds the Defendant Bickford's *Motion to Vacate Punitive Damages Hearing* well founded, the Court is going to deny the motion as the parties all consented to the process of a bifurcated hearing and bringing the matter back before the Court on a bench trial. Setting a second jury trial on punitive damages is not required and is not economical of judicial resources under the circumstance

NOW THEREFORE, IT IS HEREBY ORDERED ADJUDGED AND DECREED as follows:

1. The Plaintiff is hereby granted a judgment against both Defendants in the Special Verdict amount of $22,472.46. The Defendants shall be jointly and severally liable for the Special Verdict amount.

2. The Defendant Bickford's counterclaim for unjust enrichment is denied.

3. Punitive damages against the Defendant Balmaceda are awarded to the Plaintiff in the amount of $7,500.

4. Punitive damages against the Defendant Bickford are awarded to the Plaintiff in the amount of $2,500.

SO ORDERED this 25th day of November, 2024.

Hon. S. Joseph Darrah
CIRCUIT COURT JUDGE

Approved as to form and send notices to:

_/s/ Thomas P. Keegan_
Thomas P. Keegan, #6-3633 — E
Keegan & Krisjansons, P.C.
P.O. Box 2930
Cody, WY 82414
t.keegan@kkmattorneys.com
Attorney for Plaintiff

_/s/ Rives White_
Rives White, #7-5124 — E
Cowboy Legal, LLC
P.O. Box 2773
Cody, WY 82414
rives@cowboylegal.com
Attorney for Defendant Bickford

Letitia C. Abromats, #7-5262
Letitia C. Abromats, P.C. — E
75 US Highway 14
Greybull, WY 82426
labromats@abromatslaw.com
Attorney for Defendant Balmaceda

Judgment
Page 5 of 5

I certify I distributed a copy of the Foregoing this 26th day of November 20 24, to the following as indicated:
(M Mail; B Clerk's Box;
H Hand Deliver; E Electronic)

Thomas P. Keegan, #6-3633
Keegan & Krisjansons, P.C.
P.O. Box 2930
Cody, WY 82414
t.keegan@kkmattorneys.com
Attorney for Plaintiff

Rives White, #7-5124
Cowboy Legal, LLC
P.O. Box 2773
Cody, WY 82414
rives@cowboylegal.com
Attorney for Defendant Bickford

Letitia C. Abromats, #7-5262
Letitia C. Abromats, P.C.
75 US Highway 14
Greybull, WY 82426
labromats@abromatslaw.com
Attorney for Defendant Balmaceda